# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

BENJAMIN JOHNSON                                                       PLAINTIFF

v.                                                               No. 2:05CV24-A-A

VICKI HARE, ET AL.                                                  DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Benjamin Johnson, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the plaintiff's claims against Fox Television Stations, Inc. (misidentified as WHBQ Television) shall be dismissed with prejudice for failure to state a claim upon which relief could be granted.

### Factual Allegations

The plaintiff alleges that, in March 2002, WHBQ broadcast the plaintiff's profile and photograph and informed "millions of people that he was a fugitive from justice" on a "'Mid-South's Most Wanted' television program." (See Complaint, Section IV(4)). The plaintiff also alleges that WHBQ "failed to verify and confirm the validity of the charges against [the plaintiff] prior to broadcasting to millions of people that he was a fugitive from justice and to be on the look-out for [Plaintiff.]" In addition, he alleges that, one week after the first broadcast, WHBQ "again broadcast [Plaintiff's] profile and photograph while noting 'Fugitive From Justice Captured In New Orleans.'" In describing his claim, the plaintiff argues that WHBQ "knew or should have known that the charges against [Plaintiff] were based on a bogus indictment and

false evidence." He argues further that WHBQ's "broadcast of [Plaintiff]'s profile and photograph resulted in the false arrest and incarceration for 19 days, of [Plaintiff] in New Orleans, Louisiana on or about March 10, 2002." The plaintiff alleges that WHBQ "together with the other Defendants in this action, acting under color of State Law in their personal capacities, did combine, conspire, had a meeting of their minds to deny, and did deny [the plaintiff] his Civil Rights under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States of America."

## Discussion

To state a claim under 42 U.S.C. § 1983, the plaintiff must "'allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was *committed by a person acting under color of state law.*'" *Cornish v. Correctional Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). The plaintiff has not offered any rationale the court could use to determine that WHBQ, in reporting and broadcasting information about the plaintiff, was a state actor under 42 U.S.C. § 1983. WHBQ is a private media company, and "[a]ction taken by private entities with the mere approval or acquiescence of the State is not state action." *American Manufacturers Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999). As such, the plaintiff's claim under 42 U.S.C. § 1983 against WHBQ fails on the merits. In addition, the plaintiff's claim of defamation is subject to a one-year limitations period, both in Mississippi (where the plaintiff filed his complaint) and in Tennessee (where WHBQ is located). *See* MISS. CODE ANN. § 15-1-35; TENN. CODE ANN. § 28-3-104(a)(1). In both Mississippi and Tennessee, the statute begins to run from the date of publication. *Staheli v. Smith*, 548 So. 2d 1299, 1302 (Miss. 1989);

*Gibbons v. Schwartz-Nobel*, 928 S.W.2d 922, 926 (Tenn. Ct. App. 1996). In both states, the limitations period begins to run when the statements at issue are disseminated (not when the plaintiff learned of them). *See Salts v. Moore*, 107 F. Supp. 2d 732, 736 (N.D. Miss. 2000); *Ali v. Moore*, 984 S.W.2d 224, 228 (Tenn. Ct. App. 1998). Although the plaintiff does not specify the date the statements were broadcast, his arrest, which allegedly took place because of the broadcast, occurred on March 10, 2002. Giving the plaintiff the benefit of the doubt, the court shall use March 10, 2002, as the date the one-year limitations period began to run. The deadline for filing a complaint based upon the statements in the WHBQ broadcast would have been March 10, 2003. Under the "mailbox rule" for *pro se* prisoner filings, the complaint in the instant case was not filed until January 14, 2005, the date the plaintiff signed the complaint and gave it to prison authorities to place in the mail. The complaint in the instant case was thus filed 676 days after the filing deadline expired and must be dismissed for that reason.

In sum, the motion by defendant WHBQ to dismiss the plaintiff's claims against it shall be dismissed with prejudice for failure to state a claim upon which relief could be granted – and as untimely filed. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the __5th__ day of March, 2008.

                                                             /s/ Sharion Aycock
                                                             **U. S. DISTRICT JUDGE**